# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

    -vs-

GREGORY TROTTER,

           Defendant.

**OBJECTIONS TO THE MAGISTRATE'S REPORT, RECOMMENDATION, AND ORDER**

1:24-cr-00060-LJV-JJM

      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 59(b)(2) of the Local Criminal Rules of the United States District Court for the Western District of New York, defendant Gregory Trotter registers his objections to the Magistrate Judge's Report, Recommendation and Order ("RR&O"; Dkt. 77). The defense seeks de novo review and decision on those objections directed towards the Magistrate Judge's Report and Recommendation (*see* 28 U.S.C. § 636[b][1]). As to those objections directed towards the Magistrate Judge's Order, it is submitted that those rulings are clearly erroneous and contrary to law (*see* 28 U.S.C. § 636[b][1][A]). The defense incorporates by reference all factual representations and legal arguments set forth in the previously filed pleadings and motions.

## Standard of Review

      A district court may accept, reject, or modify the findings or recommendations of a magistrate judge (*United States v. Gerace*, 19-cr-00227-LJV-MJR, Dkt. 368 at 2 [W.D.N.Y. 2023]; 28 U.S.C. § 636[b][1][C]; *see also* Fed. R. Cr. P. 59[b][3]).

1

When a specific objection is made to a portion of a magistrate judge's report and recommendation, the Court must subject that portion of the report and recommendation to de novo review (*id.*; *see also Rodriguez v. Monroe*, 2021 WL 4025761 [N.D.N.Y 2021]) and when performing such a de novo review, "[t]he judge may ... receive further evidence...." (28 U.S.C. § 636[b][1]).

When only a general objection is made to a portion of a magistrate judge's report and recommendation, the Court subjects that portion of the report and recommendation to only a clear error review (*see Brown v. Peters*, 1997 WL 599355, at *2-3 [N.D.N.Y. 1997] [Pooler, J.] [collecting cases], *aff'd without opinion*, 175 F.3d 1007 [2nd Cir. 1999]; *White v. County of Suffolk*, 2023 WL 2770364 [E.D.N.Y. 2023]).

## Objections

As threshold matter, Judge McCarthy found that "[f]or purposes of this motion, Trotter does not dispute the allegation that he willfully and knowingly made materially false statements to the FBI" (Dkt. 77, at 3) and "Trotter assumes for purposes of this motion that he willfully and knowingly made material false statements to the FBI in a matter within its jurisdiction" (*id.* at 5).

Defendant objects to this finding as it is incorrect, unsupported, and contrary to the record. The defendant has never, for purposes of this motion or for any other aspect of this prosecution conceded, failed to dispute, or assumed that he willfully and knowingly made materially false statements to the FBI.

"A simple plea of not guilty, Fed. Rule Crim. Proc. 11, puts the prosecution to its proof as to all elements of the crime charged . . ." (*Mathews v. United States*, 485 U.S. 58, 64–65 [1988]; *see also Estelle v. McGuire*, 502 U.S. 62, 69 [1991]). By his plea of not guilty the defendant has contested every allegation in the indictment. He was not required to do more, or to contest the same allegations repeatedly.

The balance of the conclusions in the Report and Recommendation, built upon this incorrect factual finding, are consequently unsupported.

Further, in the portion of the RR&O dealing with the defendant's motion to dismiss the superceding indictment, Judge McCarthy misreads *United States v. Paz*, 2009 WL 10707056 [D.N.M. 2009] and fails to consider the arguments advanced by the defendant at the motion argument.

Judge McCarthy first qualifies or questions, by placing in quotes, defendant's assertion that *Paz* is "the only case that speaks directly to the issue" [of the required relationship between false statements under § 1001 and the § 1591 sentencing enhancement] (Dkt. 77 at 3). Neither the court nor the government cited any other case directly on point that either supports or refutes the holding in *Paz* – that the "matter" that the false statements must "relate to" is a § 1591 offense. Judge McCarthy held that "*Paz* misreads both the statute and the sentencing guideline neither of which require that the false statements *themselves* relate to sex offenses in order for the enhancement to apply" (Dkt. 77 at 4), but

3

cited no authority other than his own reading of the statute in support of this proposition. Defendant objects to this finding.

Judge McCarthy failed to consider or address in the RR&O defendant's alternative position at the argument of the motions. Defendant argued that even, assuming without conceding for purposes of the motion, that *Paz* went too far and a defendant's statement need not relate to a § 1591 offense, the defendant in that case was unquestionably aware that "the matter" within the government's jurisdiction to which the questioning pertained was the investigation of a § 1591 offense, and that notice would support imposition of the sentencing enhancement in § 1001. By not considering this argument, Judge McCarthy never addressed why in this case, a § 1001 sentencing enhancement could be applied to the defendant who, unlike *Paz*, did not have notice of the matter triggering a sentencing enhancement and an opportunity to conform his conduct to avoid an enhanced sentence. Defendant objects to Judge McCarthy's failure to consider and rule on this argument.

Judge McCarthy next addressed *United States v. Legins*, 34 F.4th 304 [4th Cir. 2022], cited by the defendant in support of his motion to dismiss the superceding indictment (Dkt. 77 at 4). Judge McCarthy held that Legins was not eligible for a § 1001 enhanced sentence because the sentencing enhancement was not pled in the indictment, but the defendant is, because the enhancement is pled in the superseding indictment (Dkt. 77 at 4), a distinction that would afford no relief to the defendant and was never argued by the defense (Dkt. 52 at 10-11).

Focusing on this distinction, Judge McCarthy ignored the reasoning of the *Legins* court that the defendant argued *is* applicable to this case: namely, that Legins *could* have properly received a § 1001 sentencing enhancement but for the government's failure to plead the enhancement in the indictment where he was repeatedly advised that matter – the subject of the government's investigation about which he was being questioned – was a § 1591 offense (*see* Dkt. 52, 10-11). As *Legins* held and as quoted by Judge McCarthy, "the aggravating factor in § 1001 depends not on a statement's *contents*, but rather the *context* in which it was made" (Dkt. 77 at 4, quoting *Legins*, 34 F.4th at 318 [emphasis in original]).

While quoting this reasoning by the *Legins* court, Judge McCarthy ignored the context in which it was made. The *Legins* court, finding that the district court's imposition of the aggravated sentence was harmless despite the government's failure to properly plead it in the indictment, focused on the context in which Legins' statements were made. The court emphasized that given the investigators' repeated statements to Legins that he was being questioned about sexual abuse of an inmate and that the investigation "pertains to sexual abuse," defendant's false statements were unquestionably "related to" the investigation of federal sex offenses and the district court's imposition of the statutory sentencing enhancement was therefore harmless (*Legins* at 317). Judge McCarthy's RR&O fails to address or determine defendant's argument, based on *Legins*, relating to whether a § 1001 sentencing enhancement may be applied to a defendant who, unlike *Legins*, was not notified

5

of the matter that his questioning related to.  Defendant objects to the failure to address or decide this argument.

Judge McCarthy held, in the portion of the RR&O addressing defendant's motion for inspection of the grand jury minutes that "the sentencing enhancement does not require a relationship between the false statements and the § 1591 offense" (Dkt. 77 at 5) and in the portion of the RR&O addressing defendant's motion for a bill of particulars: "Again, since the sentencing enhancement does not require a relationship between the false statements and the § 1591 offense, this request is denied" (*id.* at 6).  Defendant objects to this finding.

First, Judge McCarthy's holding is simply wrong. The statute itself *does* require that the defendant's statements relate to a matter within the government's jurisdiction.  Whether that "matter" is a § 1591 offense or the government's investigation of a § 1591 offense may be debated and, based on the existing case law, is unsettled. At minimum given the statutory language, there must be *some* relationship, not no relationship as Judge McCarthy found in the RR&O.

Further, Judge McCarthy cites no authority for his conclusory finding, makes no attempt to distinguish the contrary reasoning and holdings of *Paz* and *Legins*, and identifies no case or other authority contradicting the holdings of *Paz* or *Legins* (likely because there are none).  Apart from being unsupported by any precedent or authority, this finding – of the absence of the need for any relationship between the allegedly false statements and the matter triggering an enhanced sentence – appears to be based again, at least in part, on Judge

McCarthy's erroneous finding that the defendant assumed for purposes of this motion that he willfully and knowingly made materially false statements (Dkt. 77 at 5). But as noted above, that claim is unsupported and incorrect and thus, cannot support Judge McCarthy's legal conclusion.

With respect to defendant's motion for inspection and disclosure of grand jury minutes, the defense here was in a unique position in that Jencks Act materials were provided before the motions challenging the superseding indictment were filed. No grand jury testimony of any federal law enforcement officer relating to the superceding indictment was included the Jencks Act materials provided.

As the defense argued to Judge McCarthy, there is no indication in any of the Jencks Act material that the grand jury was presented with any evidence alleging or establishing any relationship between the alleged false statements and the "matter" triggering the inclusion of the sentencing enhancement in the superseding indictment.

Whether or not a defendant must be aware that his false statements were made in relation to a matter within the government's jurisdiction that could support an enhanced sentence as *Paz* and *Legins* held, the statute requires that the statements be made in relation to such matter. In this regard, the proof requirement at the grand jury may be low, but it is not zero (*see United States v. Romano*, 706 F.2d 370, 374 [an indictment represents a finding of probable cause to believe that a crime has been committed and that the defendant is reasonably believed to have committed it]).

Judge McCarthy, denying the defense motion for disclosure of disclosure of grand jury materials, found that the defendant had not made a strong showing of a particularized need for disclosure (Dkt. 77 at 6).  Defendant objects to this finding.

With respect to the defendant's challenge to the superseding indictment, Judge McCarthy held that the indictment is sufficient because an indictment "need do little more than . . . track the language of the statute charged and state the time and place . . . of the alleged crime" (quoting *United States v. Alfonso*, 143 F.3d 772, 776 [2nd Cir. 1998]) and "[t]he allegations of the Superseding Indictment clearly satisfy that standard" (Dkt. 77 at 5). Defendant objects to this ruling.

The *Alfonso* case relied upon by Judge McCarthy is inapposite. There, the Second Circuit reversed the district court's order dismissing the indictment holding that "in the circumstances presented a challenge to the sufficiency of the evidence is not appropriately decided on a pretrial motion to dismiss" (*id.* at 773).

In *Alfonso*, as in most cases, defendant's motion challenging the indictment was brought well before the grand jury minutes and other Jencks Act material were provided, unlike in this case.  "Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment" (*id.* at 776-777).  In that case, the "tracking the statute" language when considering the facial sufficiency of the indictment makes sense – the defendant had

8

no ability to credibly allege that there was no proof offered before the grand jury to support the language of the indictment tracking the statute.

*Alfonso* does not, as the RR&O suggests, stand for the proposition that so long as the indictment tracks the language of the statute, no proof is required before the grand jury to support the elements of the statute charged – that simply reprinting the statutory language in an indictment without the need for any evidentiary support before the grand jury is sufficient. Rather, at minimum, the grand jury must be able to make a determination based on the evidence before it, "whether there is adequate basis for bringing a criminal charge (*United States v. Williams*, 504 U.S. 36, 51 [1992]; *United States v. Calandra*, 414 U.S. 338, 343 [1974]).

> Indeed, the *Alfonso* court noted that
>
> we upheld a district court's dismissal of an indictment for failure to satisfy the jurisdictional element of the federal arson statute in *United States v. Mennuti*, 639 F.2d 107 [2nd Cir. 1981], in that case the government had filed an affidavit making a full proffer of the evidence to be presented at trial. *See* 639 F.2d at 108 & n. 1. By comparison, in the instant case, defendants' motion to dismiss did not even raise the issue of whether the government could meet its burden of establishing an effect on interstate commerce.

(*Id.* at 777).

Judge McCarthy did not address the defendant's argument that, unlike the more usual pretrial motions, based on the defendant's review of the Jencks Act material disclosed before the filing of motions challenging the superseding indictment, the defense had the basis for a credible argument that there appeared to be no proof before the grand jury to support the

government's claim that the defendant's allegedly false statements were made in relation to a matter within the government's jurisdiction, and that such matter was related to a § 1591 offense or the investigation of such offense. Consequently, Judge McCarthy failed to consider whether the defendant's review and reliance on the discovery that was not available to the defendant in *Alfonso* distinguishes this case from that one, or if the same ruling still applies, regardless of this additional factor and defendant's ability to make more specific claims regarding the deficiency of the proof before the grand jury. Defendant objects to Judge McCarthy's failure to address or decide this argument.

When addressing defendant's challenge to the superseding indictment based on inconsistencies between paragraph 7 of the original indictment and paragraph 10 of the superseding indictment, Judge McCarthy found no inconsistency between these allegations. Defendant objects to this finding based the arguments made in court and in his motion papers (Dkt. 52).

Finally, after rejecting the defendant's argument that the absence of Jencks Act material indicating any proof before the grand jury supporting all elements of the charged offense, Judge McCarthy denied defendant's renewed motion for additional discovery as "irrelevant (for reasons previously discussed)," but did not identify the reasons "previously discussed" that this finding rests on. Defendant objects to this finding.

First, the RR&O does not make clear what the basis for the finding is. Second, insofar it is based on the court's findings objected to above – the supposed assumption by the by the

defendant for purposes of the motion that he made materially false statements to the F.B.I.? The supposed lack of any requirement for any relationship between the allegedly false statements and the sentencing enhancement? Defendant specifically objected above to both of these grounds. The RR&O does not identify any other grounds supporting this finding.

Judge McCarthy accepted at face value the government's representation that it has "fully complied with its discovery obligation" and, after accepting the truth of that representation, did not engage in any further examination of how the gap in the discovery that was provided, as identified by the defendant – the absence of any grand jury testimony relating defendant's statements to any particular matter, much less a § 1591 offense – affected the claims raised in defendant's motion.

Apart from relying on the objected-to and unsupported findings addressed above, Judge McCarthy failed to consider or address the significance of this hole in the proof to defendant's motions challenging the indictment, for a bill of particulars, or for additional discovery. The defense objects to these rulings on this basis. In conclusion, the defendant objects to those portions of Judge McCarthy's RR&O discussed above, for the reasons and based on the authorities cited.

Dated: July 8, 2025                              Respectfully submitted,

                                                 s/Donald M. Thompson
                                                 **DONALD M. THOMPSON, ESQ.**
                                                 Attorney for GREGORY TROTTER
                                                 16 West Main Street, Suite 243
                                                 Rochester, New York 14614
                                                 (585) 423-8290